UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| ROBERT H. YOE, III and<br>YOE ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| CRESCENT SOCK COMPANY, | ) | JURY DEMAND |
| CATHERINE BURN ALLEN, individually, | ) | |
| SANDRA BURN BOYD, individually, | ) | |
| PATTON COTTON, individually, | ) | |
| SAMUEL JONES, individually, | ) | |
| JACK EWING, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, Robert H. Yoe, III ("Mr. Yoe") and Yoe Enterprises, Inc. ("YEI"), by and through counsel, file this Complaint against Defendants, Crescent Sock Company ("Crescent"), Catherine Burn Allen ("Allen"), Sandra Burn Boyd ("Boyd"), Patton Cotton ("Cotton"), Samuel Jones ("Jones") and Jack Ewing ("Ewing"), and allege as follows:

## A.   THE PARTIES, JURISDICTION AND VENUE

1.   Plaintiff YEI is a Nevada corporation, duly qualified to do business in Tennessee, with its principal place of business located at 7823 Stonehenge Drive, Chattanooga, Tennessee 37421. YEI is owned 100% by Plaintiff Mr. Yoe who is a citizen of Tennessee and resides in this judicial district.

2.   Defendant Crescent Sock Company ("Crescent") is a Tennessee corporation with its principal place of business located at 527 E. Willson Street, Niota, Tennessee 37826. It is a closely held corporation.

3.     Defendant Catherine Burn Allen is a Tennessee resident with her principal residence located at 1714 Viking Road, Athens, Tennessee 37303. She serves on the Board of Directors of Defendant Crescent and is a shareholder of Crescent. She has acted as Treasurer and Vice President of Crescent and is currently CEO and Chairman of Crescent's Board.

4.     Defendant Sandra Burn Boyd is a Tennessee resident with her principal residence located at 3005 Canterbury Street, Athens, Tennessee 37303. She serves on the Board of Directors of Defendant Crescent. She is a shareholder of Crescent and after September 2013 has been Crescent's Chief Operating Officer.

5.     Defendant Patton Cotton is an Alabama resident with her principal residence located at 106 Bristol Lane, Birmingham, Alabama 35242. She serves on the Board of Directors of Defendant Crescent and is a shareholder of Crescent.

6.     Collectively Defendants Boyd, Allen and Cotton, the daughters of William H. Burn, the former President, CEO and Board Chairman of Crescent who died in 2004, own and/or control approximately seventy percent (70%) of the outstanding stock of Crescent.

7.     Defendant Samuel Jones is a Tennessee resident with his principal residence located at 613 Dodds Avenue, Chattanooga, Tennessee 37404. He serves on the Board of Directors of Defendant Crescent. He owns and/or controls approximately twenty percent (20%) of Crescent's stock.

8.     Defendant Jack Ewing is a Tennessee resident with his principal residence located at 384 Bakers Cemetery Lane, Ten Mile, Tennessee 37880. He is a shareholder of and serves on the Board of Directors of Defendant Crescent.

9.     This Court has subject matter jurisdiction over this cause because it arises under the laws of the United States pursuant to 28 USC § 1331. In addition, this Court has exclusive

2

jurisdiction of this cause pursuant to the provisions of 28 USC § 1338, as this civil action relates to patents and trademarks and alleges their infringement, and, further, because Plaintiffs assert a claim of unfair competition joined with substantial claims under the patent and trademark laws of the United States. This Court also has jurisdiction of this cause pursuant to 28 U.S.C. § 1400, as Plaintiffs allege patent infringement. This Court has subject matter jurisdiction over the state law claims asserted herein pursuant to the doctrines of pendent and supplemental jurisdiction, as they arise out of facts identical to those which form the basis for the federal claims.

10.     This Court has personal jurisdiction over each of the Defendants as they are residents of this judicial district, except Defendant Cotton, who is a director and shareholder of Defendant Crescent, and, therefore, is subject to personal jurisdiction pursuant to T.C.A. § 20-2-214. In addition, pursuant to 28 U.S.C. § 1400, as the Defendants have committed acts of infringement and have regular and established places of business in this judicial district, this Court has personal jurisdiction over the Defendants.

11.     Venue is proper in this Court pursuant to 28 USC § 1391 in that the causes of action arose in this judicial district which has personal jurisdiction over each of the Defendants, and a substantial part of the events or omissions giving rise to the claims arose in this judicial district.

B.     **THE FACTS**

12.     Plaintiff Mr. Yoe was hired in 2000 by the late William Burn as Chief Executive Officer and Chief Financial Officer of Crescent. Crescent manufactures socks which incorporate YEI's trademarks and patents, and distributes them nationally. In large part because of its use of YEI's technology and marks, Crescent has been profitable and its socks lauded as innovative and advanced products.

13.    During his tenure at Crescent Mr. Yoe served variously as its CEO, CFO, COO, and CMO. He also served on the Board of Directors and on the Executive Committee of the Board of Directors. During the term of his employment with Defendant Crescent, Mr. Yoe and Crescent were parties to numerous employment contracts.

14.    On April 14, 2009, Crescent and Mr. Yoe entered into an Amendment to Employment Contract for Robert H. Yoe, III dated December 14, 2007 (the "April 2009 Amendment"). The April 2009 Amendment provided in part as follows:

- <u>Any and all new brands & related material</u>: developed, registered, trademarked, copyrighted or other started and or designed by Crescent in years 2009 through Bob's employment:
  ° <u>will be owned</u> in full and completely by <u>Yoe Enterprises</u>. (At the time of this signing, none of these "new brands" have been trademarked.)

15.    After January 1, 2009, several new brands were developed and trademarked in the name of YEI, pursuant to the April 2009 Amendment, including, but not limited to, the brand FITS®, the brand Jacks® and the brand Game Knits® (the "YEI Brands"). The FITS® and Jacks® products were developed and are manufactured using a highly technical patented process and superior materials. YEI used the following marks in commerce in connection with socks, and secured the following federal trademark registrations with respect to the marks (collectively the "YEI Trademarks"):

| Mark | Registration/Serial No. | Registration Date |
|------|------------------------|-------------------|
| FITS® | 3871286/77783717 | 11/02/2010 |
| Game Knits® | 4347530/85494800 | 06/04/2013 |
| Jacks Socks® | 4071787/85152381 | 12/13/2011 |
| Jacks® | 4094593/85202538 | 01/31/2012 |

The YEI Trademarks remain in full force and effect and are owned by Plaintiff YEI.

4

16.    Plaintiff YEI is also the owner of the following registered patents for the highly specialized and technical method of knitting the FITS® sock; for the ornamental design for a toe seam as a portion of the sock; and on the sock package design for the FITS® sock (collectively the "YEI Patents"):

| Patent Title | Registration No. | Registration Date |
|---|---|---|
| Method for circular knitting of a sock | 8,418,507B2 | 04/16/2013 |
| Sock heel | D655,909S | 03/20/2012 |
| Sock package | D643,746S | 08/23/2011 |
| Sock toe | D655,078S | 03/06/2012 |
| Toe seam for sock | D670900 | 11/20/2012 |

The YEI Patents are in full force and effect.

17.    On February 15, 2012, Crescent and Mr. Yoe entered into an Executive Employment Contract (the "February 2012 Contract"). Among other things, the February 2012 Contract provided that if Mr. Yoe was terminated by Crescent without cause, he shall receive from Crescent a lump sum payment of $2 million. He was named as its CEO, CFO, COO and Chief Marketing Officer and appointed as a voting member of the Executive Committee of the Board of Directors.

18.    On September 4, 2012, Crescent and YEI entered into a Business Agreement ("the Business Agreement"), which further memorialized the prior agreements relating to the ownership of new brands by YEI and referred to Crescent's ability to manufacture the brands thereafter. The Business Agreement provides, in part, that "Any and all new brands, and other intellectual property relating to such new brands, that are developed, registered, trademarked, invented, started,

5

conceived or designed by Crescent, Yoe and/or YEI from January 1, 2009 through the termination of Yoe's employment with Crescent ["the Intellectual Property"] shall be 100% owned by YEI."

19. The Business Agreement also confirmed the royalty payment schedule and rates to be paid by Crescent to YEI as follows: $1.00 in 2013 and 2014, and beginning in 2015 and each year thereafter, 5% of Net Sales, payable to YEI on or before 30 days after the end of each calendar quarter.

20. The Business Agreement also provides that YEI and Crescent agreed to enter into a licensing/manufacturing agreement for the Intellectual Property on terms similar to the "LIG contract."

21. The "LIG contract" referred to in the Business Agreement is actually a reference to a Second Amended and Restated Licensing Agreement which was effective as of January 1, 2010, between "Crescent, Inc." and the Life is good Company ("LIG") pursuant to which LIG, the owner of a well-known brand and logo, licensed to Crescent, Inc. the right to use and affix the LIG logo to socks manufactured by Crescent. Importantly, LIG, as licensor, imposed upon Crescent, as licensee, quality controls upon the goods to which the LIG logo could be affixed and the marketing materials using the LIG logo in order to maintain and protect the value of the LIG logos. These approval rights, as agreed upon by Crescent and YEI, were to be incorporated into the licensing arrangement with respect to the Intellectual Property to be formalized pursuant to the Business Agreement.

22. The FITS® sock was launched in August 2010 to the public at the Outdoor Retailer tradeshow and has been received well by the public and the press. It has won several awards including being named "best ski sock on the planet" by Outside Magazine. In addition, the U.S. military, including Marines and Navy Seals, are using the sock.

6

23.     At all times from 2009 to September 4, 2013, Crescent manufactured, produced, marketed and distributed the YEI Brands at the direction of Mr. Yoe and YEI and in accordance with the specifications of the patents and specialized knitting process. Plaintiffs Mr. Yoe and YEI carefully supervised, monitored and controlled the quality of all of the products bearing the YEI Trademarks to ensure that the products were of a consistently high quality. In addition, Plaintiffs carefully supervised, monitored and controlled the marketing process, advertising process, distribution process and relationship with retail customers.

24.     Sales of FITS® have increased every year since their introduction to the market in 2010. In 2010, the sales of FITS® were approximately $300,000.00. In 2011, sales more than doubled to approximately $700,000.00. In 2012, sales again doubled to approximately $1,400,000.00 and in 2013 sales again doubled to approximately $3,000,000.00. Sales for 2014 were projected to be over $6,000,000.00. Since the termination of Mr. Yoe and Crescent's control over the YEI Brands and YEI Trademarks, however, sales have failed to achieve their former levels or meet the projections. Prior to September 4, 2013, not only was the development of FITS® and the promotion of FITS® on track to do what Mr. Yoe had projected since its launching in 2010, but it was ahead of schedule.

25.     In the spring and summer of 2013, Defendants Allen and Boyd conspired to cause Crescent to terminate Mr. Yoe and gain exclusive control over FITS® and the other YEI Brands. With the approval of Defendants Cotton, Jones and Ewing, to whom Allen and Boyd had communicated their plan, Allen and Boyd engineered the termination of Mr. Yoe by Crescent. On September 4, 2013, Mr. Yoe and five other employees who worked with the FITS® brand were summarily fired without cause.

7

26.     Crescent has failed and refused to abide by the terms of the Business Agreement, asserting that its terms are not binding upon it.

27.     Crescent filed suit in the McMinn County, Tennessee Chancery Court, Docket No. 2013-cv-297 (the "State Court Case"), seeking a declaration that the contracts entered into between Crescent and Mr. Yoe and YEI in which YEI was granted ownership of all new brands and the related intellectual property rights were void and unenforceable.

28.     On December 29, 2014, a judgment was entered in the State Court Case in the McMinn County Chancery Court, against Crescent and in favor of Mr. Yoe and YEI, declaring the April 14, 2009 Amendment, the February 15, 2012 Contract and the Business Agreements valid and enforceable. The Court also held that YEI was the owner of FITS®, Jacks® and Game Knits®, and all intellectual property associated with the YEI Brands and that Mr. Yoe was entitled to $2 million in severance pay from Crescent, plus attorney fees.

29.     Upon Mr. Yoe's termination on September 4, 2013, Crescent, at the specific direction of Defendants and Board of Directors Allen, Boyd, Cotton, Jones and Ewing, deliberately and intentionally began to exercise exclusive control over the manufacture, production, marketing and distribution of the YEI Brands to the exclusion of their owner, YEI, and Mr. Yoe. As set forth hereinafter, these actions of the corporate and individual Defendants constitute, among other things, intentional infringement of the YEI Patents and the YEI Trademarks, for which they are each jointly and severally liable.

30.     As a result of Defendant Crescent's dominion and control over the YEI Brands, YEI Trademarks and YEI Patents to the exclusion of YEI and Mr. Yoe from September 4, 2013 to the current date, the YEI Brands have been and are continuing to be damaged, resulting in irreparable harm and damage to Plaintiffs Mr. Yoe and YEI.

8

31.     At the direction of and/or with the active participation of the individual Defendants, Defendant Crescent has continued to manufacture socks bearing the FITS® and Jacks® marks without YEI's authorization and, without authorization, to use all or portions of the YEI Patents. These actions are violative of Plaintiffs' rights and are damaging the YEI Brands. In addition, Crescent, again with the knowledge of and with the active participation of the individual Defendants, has undertaken, among others, the following specific actions, all of which infringe and/or damage YEI's Brands, YEI's Trademarks, the quality of the socks to which the marks are affixed, thereby diminishing their intrinsic value, and the goodwill associated with the marks and further infringing upon and damaging YEI's other intellectual property assets:

a.     Defendant Crescent has changed the wool and synthetic materials used in the manufacture of the FITS® and Jacks® brand products;

b.     Defendant Crescent has changed the technology used in the manufacture of certain of the FITS® and Jacks® products: for example, it changed the way the toe seams on certain styles are stitched;

c.     Defendant Crescent has eliminated approximately 306 SKUs and added 137 SKUs of FITS® brand products;

d.     Defendant Crescent has changed the name of certain styles of socks of FITS® brand products without approval of the owner and licensor YEI and Mr. Yoe.

e.     Defendant Crescent has changed the specifications for the manufacture of the FITS® and Jacks® socks;

f.     Defendant Crescent has changed the way the FITS® products are packaged;

g.     Despite the fact that Crescent's catalogue for FITS® products explicitly and prominently states that FITS® is owned by YEI, Crescent failed to seek or obtain the approval of YEI or Mr. Yoe of the catalogue;

h.     Defendant Crescent has changed preseason terms and conditions of sale for FITS® by adding term sheets that give volume purchase discounts;

i.     Defendant Crescent is using public relations and advertising messaging not approved by YEI or Mr. Yoe;

9

j.     Defendant Crescent has exercised control of customer interaction and policy to the exclusion of Yoe and YEI;

k.     Defendant Crescent has failed since September 4, 2013 to release expected products which were in development prior to September 4, 2013 that would be new to the industry, thus losing potential sales and momentum;

l.     Defendant Crescent has refused to allow access to and the updating of the domain names owned by YEI;

m.     Defendant Crescent has usurped YEI's control of the sales force and new product and marketing directions;

n.     Defendant Crescent has refused to allow Mr. Yoe and YEI access to customer and sales information;

o.     Defendant Crescent has excluded YEI from promoting its own products;

p.     Defendant Crescent has excluded YEI from access to its products and determining if products are being properly manufactured;

q.     Defendant Crescent has threatened to have Mr. Yoe and other YEI representatives removed by security at tradeshows, thus blocking access to YEI's products;

r.     Defendant Crescent has diluted and tarnished the value of the YEI Trademarks;

s.     Defendant Crescent has damaged the goodwill previously established by Mr. Yoe and YEI as to the FITS® brand.

32.     Nevertheless, despite the lack of YEI's authorization to sell these inferior products, nor those that do not conform to YEI's quality standards, nor to use or modify the YEI Patents, Crescent continues, without YEI's authorization, to affix and use YEI's FITS® logo to these inferior goods which do not conform to the YEI Patents nor the quality standards imposed upon Crescent by YEI.

33.     As a result of Defendants' deliberate and intentional actions, the sales of FITS® have declined from their projected and anticipated levels.

34.     Moreover, Crescent, again at the direction and/or with the knowing approval of the individual Defendants, is taking the following harmful and unauthorized actions with respect to YEI's Game Knits® brand without its approval or permission.

a.      Defendant Crescent has no license, permission or authority from Mr. Yoe and YEI, the owner of Game Knits® to manufacture, market or sell the Game Knits® brand, yet continues to do so;

b.      Defendant Crescent is holding itself out as owner of Game Knits® and has put the name "World's Softest" on the Game Knits® sock. "World's Softest" is a Crescent-owned brand;

c.      Defendant Crescent is selling the Game Knits® socks online through its "World's Softest" site as a "World's Softest" product, selling on Amazon, as a "World's Softest" product, selling it to retailers and at the Atlanta Gift Market show as a "World's Softest" product, as well as other tradeshows;

d.      Defendant Crescent has placed its logo "Crescent Sock" on the packaging for Game Knits®.

35.     These actions violate Plaintiffs' rights and diminish the value of the Intellectual Property.

## COUNT I
## Federal Trademark Infringement – Crescent

36.     The allegations contained in Paragraphs 1 through 35, inclusive, are incorporated herein by reference and made a part of this Count as if fully set forth.

37.     Crescent has exploited the Intellectual Property, more specifically, YEI's federally-registered "FITS®", "Jacks®" and "Game Knits®" trademarks, without authorization. Without authorization or approval by YEI, it has utilized the marks in connection with goods and products which have not been approved by YEI. Such unauthorized conduct includes, among other things, advertising, selling and marketing socks not manufactured pursuant to YEI's specifications or quality standards with the YEI Trademarks. In addition, Crescent has used advertising and other materials which display the YEI Trademarks which have not been approved or authorized by YEI.

11

38.     Pursuant to 15 USC § 1117(a), Crescent is liable to YEI for disgorgement of its profits; actual damages sustained by YEI, including diminution in the value of its marks and otherwise.   Moreover, as Crescent's actions are willful, intentional and malicious, this is an exceptional case.   Plaintiff YEI is entitled to an award of its attorneys' fees it incurred as a result of Defendants' wrongful conduct.   In addition, Plaintiff seeks up to three times the amount of its damages in order to deter Defendants' wrongful conduct.

39.     YEI's actual damages exceed $2,000,000 which, when trebled, exceed $6,000,000, exclusive of interest.   YEI's actual damages include its lost profits, damage to the YEI Trademarks, and diminution in good will associated with the Marks.

40.     In addition, YEI's projected sales for 2014 and 2015 have been severely impacted, resulting in additional lost profits, all of which Plaintiff YEI seeks to recover.

## COUNT II
### Federal Trademark Infringement – Individual Defendants

41.     The allegations contained in Paragraphs 1 through 40 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

42.     The individual Defendants have personally authorized and/or taken part in the infringing activities of Crescent and/or have specifically directed its employees to do so.   The individual Defendants are central figures in the infringements who have authorized and approved the activities of Crescent described herein.

43.     The individual Defendants are personally, jointly and severally liable with Crescent for those activities which infringe YEI's Trademarks and for all of the damages suffered therefrom by Plaintiff YEI.

12

## COUNT III
### Federal Trademark Infringement -- YEI's Domain Name

44.     The allegations contained in Paragraphs 1 through 43 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

45.     Crescent has also wrongfully used and manipulated YEI's domain name. Crescent has used it in connection with sales and marketing of other unauthorized goods and in ways unauthorized by YEI. Such uses also constitute trademark infringement.

46.     Accordingly, pursuant to 15 USC § 1117(a), Crescent is further liable for trademark infringement in connection with misuse of the domain name and is liable to Plaintiff for its profits, Plaintiff's actual damages, attorneys' fees and treble damages.

47.     Moreover, the individual Defendants are jointly and severally liable for these damages as well for the reasons set forth herein.

## COUNT IV
### Dilution of YEI's Marks; Violation of Federal Anti-Dilution Laws

48.     Plaintiffs restate and incorporates herein by reference the allegations contained in paragraphs 1 through 47 of the Complaint.

49.     The activities of Defendants violate the provisions of the United States Trademark Act, 15 USC § 1125(c), as the YEI Trademarks are famous and Crescent has used them in commerce in ways likely to tarnish the Marks. Defendants have tarnished the FITS® mark by using it without authorization and/or using it in connection with unauthorized and unapproved goods which have damaged the value of the mark and reduced and impaired the mark's current and future value. The Defendants have, therefore, diluted the value of the mark in violation of the United States Trademark Act.

13

50.     Plaintiff YEI is entitled to all of the remedies for the Defendants' infringements of its registered FITS® mark provided by 15 USC §1117(a), including it lost profits and actual damages, disgorgement of the Defendant's profits, treble damages and attorneys' fees, together with injunctive relief.

## COUNT V
### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

51.     Plaintiff restates and incorporates the allegations of paragraphs 1 through 50 of the Complaint herein by reference.

52.     Because Crescent has affixed false designations of origin, that is the FITS®, Jack® and Game Knits® marks to its products without authorization and has otherwise competed unfairly and deceptively with YEI, it has violated the Lanham Act, which prohibits such conduct. Crescent has also affixed, without authorization, Crescent's marks "World Softest" and "Crescent Sock" on Game Knits® socks and packaging.

53.     These actions are designed to and are likely to confuse buyers and others in the chain of marketing and distribution into believing that those goods are authorized by YEI, are of the quality with which socks manufactured according to YEI's specifications are associated, and to confuse potential buyers and others as to the source and quality of the goods.

54.     Accordingly, Defendants, jointly and severally, are liable for the remedies set forth in 15 U.S.C. § 1117(a), specifically damages, injunctive relief and, as this is an exceptional case, attorneys' fees.

## COUNT VI
### Patent Infringement

55.     The allegations contained in Paragraphs 1 through 54 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

56. The corporate Defendant, without Plaintiff's authority, has manufactured and sold products manufactured pursuant to a process which infringes the Plaintiff YEI's Utility Patent for a method for circular knitting of a sock, Reg. No. 8,418,507 B2, in the United States and, therefore, is liable as an infringer, as the sale of those products occurred during the term of the Utility Patent.

57. Crescent has also, without Plaintiff's authority, manufactured and sold products which infringe Plaintiff's design patents as identified in paragraph 16 hereof.

58. The individual Defendants are jointly and severally liable with Crescent for those damages set forth in 35 U.S.C. § 284, more specifically, damages adequate to compensate Plaintiff for the infringements but, in no event, not less than a reasonable royalty for the uses made of the YEI Patents, together with interest and costs and treble damages.

59. In addition, Plaintiff is entitled, pursuant to 35 U.S.C. § 283, to injunctive relief sufficient to prevent the further violation of Plaintiff's patent rights and, pursuant to 35 U.S.C. § 285, reasonable attorneys' fees, as this is an exceptional case.

## COUNT VII
### Unfair or Deceptive Trade Practices Under
### <u>Tennessee Annotated Code Section 47-18-101, et seq.</u>

60. The allegations contained in Paragraphs 1 through 59 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

61. The Defendants have, in violation of T.C.A. § 47-18-104 and otherwise, engaged in unfair and deceptive acts and practices, including, but not limited to: (1) falsely passing off their goods as those of YEI; (2) causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (3) causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another; (4) representing that goods or services have sponsorship, approval, characteristics,

15

ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship approval, status, affiliation or connection that such person does not have; (5) representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another; and (6) advertising goods or services with intent not to sell them as advertised.

62.     Accordingly, Plaintiffs, pursuant to T.C.A. § 47-18-109, bring this action to recover their actual damages, treble damages, and injunctive relief preventing such further acts by Defendants, and, also, seek to recover their reasonable attorneys' fees.

## COUNT VIII
## Dilution by Defendants in Violation of T.C.A. § 47-25-513

63.     Plaintiff YEI restates and incorporates herein by reference the allegations contained in paragraphs 1 through 62 of the Complaint.

64.     Plaintiff owns the FITS® mark which is famous in Tennessee pursuant to T.C.A. § 47-25-513, Plaintiff is entitled to injunctive relief enjoining the Defendants' commercial use of the FITS® mark.

65.     Through Crescent's intentional flaunting of YEI's exclusive ownership in the mark, the individual Defendants have participated in and directed the intentional and willful misuses of the FITS® mark in conjunction with unauthorized goods and products and used the mark in unapproved marketing and advertising and sales materials. Accordingly, the Defendants are also jointly and severally liable for the monetary and other remedies set forth in T.C.A. § 47-25-514: for Defendants' profits derived therefrom, and additional damages suffered by Plaintiff as a result of the Defendants' wrongful manufacture, use, display or sale of goods using the mark.

16

66.     In addition, the wrongful and unauthorized uses of the FITS mark have damaged the brand and the good will associated therewith, diminishing the value of the mark and diluting it. Finally, Plaintiff is entitled to the remedies set forth in T.C.A. § 47-25-501, et seq.

## COUNT IX
### Unfair Competition

67.     Plaintiff restates and incorporates herein by reference the allegations of paragraphs 1 through 66 of the Complaint.

68.     Because Crescent has used, without Plaintiff's authorization, its marks and represented to the public that FITS®, Jacks® and Game Knits® brand socks are products consistent with the reputation which the public associates with Plaintiff's FITS®, Jacks® and Game Knits® marks; and has sold inferior products using, without authorization, Plaintiff's FITS®, Jacks® and Game Knits® marks; and has used the YEI Trademarks without Plaintiff's authorization, it is competing and has competed unfairly with Plaintiff in violation of Tennessee law.

69.     Accordingly, Defendants are jointly and severally liable to Plaintiff for all damages occasioned by their tortious actions, and for injunctive relief.

## COUNT X
### Breach of License Agreement

70.     The allegations contained in Paragraphs 1 through 69 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

71.     Pursuant to the Employment Contracts, and amendments thereto, as well as the Business Agreement, YEI, as the owner of the FITS® brand and other brands, and Crescent, agreed that YEI would license the FITS® and Jack's® brands to Crescent and Crescent would properly and prudently manufacture, market and sell the FITS® and Jack's® brand products owned by YEI.

17

The royalties to be paid to YEI, as owner of the FITS® and Jack's® brands, were $1 per year for 2011 - 2014 and in 2015 and, thereafter, 5% of Net Sales. All profits from the sale of the FITS® and Jack's® products were to inure to Crescent under the terms of the parties' agreement.

72.     Pursuant to these agreements, it was understood and agreed that the marketing, manufacturing and promotional direction of the FITS® and Jack's® brands would be managed by Mr. Yoe and all marketing, manufacturing and promotional activity would be approved by YEI, as owner of these brands.

73.     Crescent's actions in terminating Mr. Yoe, in failing to properly and prudently manufacture, market and promote the FITS® and Jack's® brands under Mr. Yoe's direction, in eliminating SKUs, changing the name and packaging of FITS® products, ceasing R & D of the FITS® products, failing to use pre-existing marketing practices approved by YEI, and in marketing, manufacturing and promoting the FITS® products in a manner unacceptable to and unapproved by YEI, the owner of the FITS® brand, and the conduct listed in Paragraphs 31 and 34 of this Complaint, constitute a violation and breach of these agreements.

74.     Crescent's actions described above have been willful and intentional.

75.     As a direct and proximate result of Crescent's actions, Mr. Yoe and YEI have sustained damages in an amount to be determined at trial.

**COUNT XI**
**Misfeasance**

76.     The allegations contained in Paragraphs 1 through 75 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

77.     Defendant Crescent's actions as to the FITS®, Jack's® and Game Knits® brands, including but not limited to those actions as set forth in Paragraphs 31 and 34 of this Complaint, constitute misfeasance.

18

78. As a direct and proximate result of Crescent's misfeasance, Mr. Yoe and YEI have sustained damages in an amount to be determined at trial.

## COUNT XII
### Negligence

79. The allegations contained in Paragraphs 1 through 78 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

80. Defendant Crescent's actions as to FITS®, Jacks® and Game Knits® have damaged the brand names FITS®, Jacks® and Game Knits®, have damaged the reputation of Mr. Yoe and YEI, interfered with the economic expectation of Mr. Yoe and YEI, and interfered with the economic well-being of Mr. Yoe and YEI.

81. As a direct result of Crescent's negligent actions, Mr. Yoe and YEI have sustained damages in an amount to be determined at trial.

## COUNT XIII
### Misappropriation/Conversion

82. The allegations contained in Paragraphs 1 through 81 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

83. Defendant Crescent has and is holding itself out as the owner of the YEI Brands in written materials as well as in spoken communication with third parties and has attempted to control the YEI Brands. These actions constitute misappropriation and conversion of the YEI Brands from YEI.

84. Defendant Crescent's misappropriation and conversion of the YEI Brands has resulted in damages to Mr. Yoe and YEI in an amount to be determined at trial.

## COUNT XIV
### Duty to Perform with Due Care

85.     The allegations contained in Paragraphs 1 through 84 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

86.     Defendant Crescent owes a duty to Mr. Yoe and YEI to perform the obligations under the Business Agreement with due care so as not to injure Mr. Yoe and YEI.

87.     Defendant Crescent owes Mr. Yoe and YEI a duty to perform and manufacturer, market and sell the FITS® product.

88.     Defendant Crescent has failed to manufacturer, market and sell the FITS® brand with due care, and as a consequence has injured Mr. Yoe and YEI in an amount to be determined at trial.

## COUNT XV
### Inducement of Breach of Contract (Mr. Yoe)

89.     The allegations contained in Paragraphs 1 through 88 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

90.     Mr. Yoe had an ongoing contractual relationship with Crescent from 2000 to September 4, 2013 pursuant to Executive Employment Contracts and amendments thereto. The February 15, 2012 Contract was in full force and effect and valid as of September 4, 2013, the date on which Mr. Yoe was terminated from Crescent.

91.     Defendants Boyd and Allen's actions in directing and causing Crescent to breach the contractual relationship with Mr. Yoe was an intentional inducement of a breach of the contractual relationship between Crescent and Mr. Yoe.

20

92.     The Defendants' inducement that Crescent terminate Mr. Yoe's employment and breach the February 15, 2012 Contract and refusal to honor its terms was intentional and without legal justification at the expense of Plaintiff Mr. Yoe.

93.     Because of the Defendants Boyd and Allen's conduct, Plaintiff Mr. Yoe has sustained significant financial damages.

94.     Defendants Boyd and Allen are, therefore, liable to Plaintiff Mr. Yoe for these damages, as well as treble damages under Tenn. Code Ann. §47-50-109.

## COUNT XVI
### Inducement of Breach of Contract (YEI)

95.     The allegations contained in Paragraphs 1 through 94 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

96.     YEI was party to the Business Agreement, which memorialized prior agreements between Crescent and Mr. Yoe giving to YEI all intellectual property rights and new brands developed after January 1, 2009. The Business Agreement was in full force and effect and valid as of September 4, 2013, the date on which Mr. Yoe was terminated from Crescent. Defendants directed and caused Crescent to file suit seeking to declare the Business Agreement void as to Mr. Yoe and YEI and to exercise complete and deliberate control over the YEI Brands and the Intellectual Property.

97.     Defendant Allen and Boyd's actions in directing and causing Crescent to file suit and seek to void the Business Agreement and to exercise complete and deliberate control over the YEI Brands and Intellectual Property was an intentional inducement of a breach of the contractual relationship between Crescent and YEI.

98.     Defendant Allen and Boyd's direction and requirement that Crescent file suit to declare the Business Agreement void and to exercise complete control over the YEI Brands and

21

Intellectual Property, was intentional and deliberate and without legal justification at the expense of Plaintiff YEI.

99.     Because of the Defendants Boyd and Allen's conduct, Plaintiff YEI has sustained significant financial damages.

100.    Defendants Boyd and Allen are, therefore, liable to Plaintiff YEI for these damages, as well as treble damages under T.C.A. §47-50-109.

**COUNT XVII**
**Intentional Interference with Business Relationship**

101.    The allegations contained in Paragraphs 1 through 100 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

102.    Defendants Allen and Boyd had knowledge of the business relationship of Yoe Enterprises and Mr. Yoe and Crescent.

103.    Defendants Allen and Boyd, as owners of Crescent, willfully and intentionally caused Crescent to breach the business relationship between Crescent and Yoe and Crescent and YEI, for the purpose of misappropriating and converting the FITS® brand to Crescent for the benefit of Allen and Boyd and Crescent.

104.    Such actions by Allen and Boyd constitute intentional interference with business relationships for which Mr. Yoe and YEI have sustained damages as a result thereof, in an amount to be determined at trial.

**COUNT XVIII**
**Defamation**

105.    The allegations contained in Paragraphs 1 through 104 inclusive are incorporated herein by reference and made a part of this Count as if fully set forth.

22

106. Defendants Boyd and Allen have made statements to third parties regarding Mr. Yoe, with knowledge that the statements are false and defaming to Mr. Yoe or with reckless disregard for the truth of the statements, which statements have resulted in damage and injury to the reputation of Mr. Yoe.

107. As a result of the defamation by Boyd and Allen, Mr. Yoe has sustained damages in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand a Judgment in their favor, as follows:

1. Pursuant to Counts I, II, III, IV and V, and to 15 USC §1117, awarding them the profits of Crescent Sock Company resulting from its wrongful activity; any damages sustained by Plaintiffs, and the costs of this action; as well as attorneys' fees and treble damages. Plaintiffs also seek injunctive relief to prevent further infringement of Plaintiffs' marks and/or damage thereto by Crescent; and such judgment shall be joint and several as to all Defendants; and

2. Pursuant to Count VI, and pursuant to 35 USC §§ 284 and 285, damages adequate to compensate Plaintiffs for the infringements of YEI Patents, but in no even less than a reasonable royalty for the uses made of Plaintiff's patents, together with interest, costs, and for treble damages; for injunctive relief and Plaintiff's reasonable attorneys' fees; and such judgment shall be joint and several as to all Defendants; and

3. Pursuant to Count VII, injunctive relief, damages, treble damages and attorneys' fees as provided in T.C.A. §§ 47-18-101, et seq.; and

4. Pursuant to Count VIII, a judgment providing injunctive relief enjoining Defendants from commercial use of Plaintiff's FITS® mark; for Defendants' profits derived from its wrongful activities, Plaintiff's additional damages, and for all of the remedies provided in T.C.A. § 47-25-501, et seq.; and

5. Pursuant to Counts IX-XVIII, for damages, compensatory and punitive; and

6. That the Judgment as described hereinabove be joint and several as to all Defendants; and

7. For such other and further General Relief as may be appropriate.

## JURY DEMAND

Plaintiff demands a jury.


This 6th day of January, 2015.


> s/ Jay S. Bowen
> Jay S. Bowen, BPR No. 2649
> Will Parsons, BPR No. 26519
> SHACKELFORD, BOWEN, ZUMWALT & HAYES
> 47 Music Square East
> Nashville, TN 37203
> Tel: (615) 329-4440
> Fax: (615) 329-4485


> s/ Gary R. Patrick
> Gary R. Patrick, BPR No. 01941
> Cara J. Alday, BPR No. 13140
> PATRICK, BEARD, SCHULMAN & JACOWAY, PC
> 537 Market Street, Suite 202
> Chattanooga, Tennessee 37402
> Tel: (423) 756-7117
> Fax: (423) 267-5032

> *Attorneys for Plaintiffs Robert H. Yoe, III and
> Yoe Enterprises Inc.*

F:\WpDocs\CLIENT\Y\Yoe Robert\FEDERAL COURT\Pleadings\Complaint-1.6.15